1
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com

2
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Suite D1

3
Costa Mesa, CA 92626

4
Telephone: 800.400.6808
Facsimile: 800.520.5523

5

6
Yana A. Hart, Esq. (SBN: 306499)
yana@kazlg.com

7
**KAZEROUNI LAW GROUP, APC**

8
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108

9
Telephone: (619) 233-7770

10
Facsimile: (619) 297-1022

11
*Counsel for Plaintiff and the*
*Putative Class*

12

13

14
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

15

16
**Neil Silver,** individually and on behalf of all others similarly situated**,**

17

18
            **Plaintiff,**

19

20
**v.**

21

22
**National Student Loans,**

23
            **Defendant.**

24

25

26

27

28

**Case No.: 3:20-cv-03637**

**CLASS ACTION**

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.**

**Jury Trial Demanded**

**CLASS ACTION COMPLAINT**                                                                 PAGE 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

1.  Neil Silver ("Plaintiff"), brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of National Student Loans ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

2.  The TCPA was designed to prevent calls and messages like the ones described within this complaint and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes— prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.  In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls that are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102-243, § 11. Toward this end, Congress found that:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

---

**CLASS ACTION COMPLAINT**                                                    PAGE 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Id*. at § 12; *see also, Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional finding on TCPA's purpose).

4.   Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call […]." *Id*. at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

5.   As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act […] is well known for its provisions limiting junk-fax transmissions. A less litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered – and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

6.   Plaintiff brings this case as a class action seeking damages for himself and all others similarly situated.

## JURISDICTION & VENUE

7.   This Court has federal question jurisdiction because this case arises out of violation of federal law: TCPA, 47 U.S.C. § 227 et seq.

8.   Because Defendant is located in and conducts business within the State of California, personal jurisdiction is established. In addition, Defendant intentionally and voluntarily directed its phone calls at Plaintiff, a California resident, and this action arises from this contact with the forum.

9.   Venue is proper in the United States District Court for the Northern District of California pursuant to 18 U.S.C. § 1391(b)(2), because a substantial part

1  of the events or omissions giving rise to Plaintiff's claims occurred in this
2  district; Plaintiff resides in the County of Marin, which is within the Northern
3  District of California.

## PARTIES & DEFINITIONS

10.  Plaintiff is, and at all times mentioned herein was, a natural person residing in the County of Marin, in the State of California.

11.  Defendant is, and at all times mentioned herein, was a private company located in Irvine, California. Defendant regularly conducts business within the State of California.

12.  "National Student Loans assist in preparing and processing the application for student loan consolidation and repayment programs offered by the [department of education] DOE."[1] In other words, Defendant sells document preparation services to people who have student loans.

13.  Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. §153 (39).

## FACTS

14.  Upon information and belief, Defendant regularly makes autodialed telephone calls to consumers in order to solicit business. It buys leads lists and puts them into robodialing, marketing campaigns to call consumers without their consent.

15.  Plaintiff is, and has been at all times relevant to this action, the regular and sole user of his cellular telephone number – (XXX) XXX-0195.

16.  At no point did Plaintiff inquire Defendant about its services or provide authorization to receive autodialed calls or prerecorded messages on his cellular telephone from Defendant.

[1] https://www.nationalstudentloans.us

CLASS ACTION COMPLAINT                                                    PAGE 4

17. Nonetheless, on or around July 26, 2019, at approximately 10:10 AM, Defendant called Plaintiff's cellular telephone from a private number and left pre-recorded, robotic voice message stating:

> Yes, this is Laura Rogers. I'm calling in reference to your federal student loan. I need to discuss your repayment options with some new changes that have taken effect recently so if you could please be sure to give me a call back. My number is (866) 295-8998, and I'm gonna go to give you a reference number if you would please have give you a reference number if you would please have this handy when you call that'll make things a lot easier. Your reference number is 070708. Thank you.

18. At all times relevant, the (866) 295-8998 referenced in the voice message is explicitly and directly linked to Defendant – when calling the number, Defendant's agents, representatives, and/or employee provides Defendant's name.

19. Plaintiff did not give "prior express consent," to receive calls from an ATDS or leave a pre-recorded voice mail message.

20. Defendant's call was not for the purpose of an emergency. Defendant's call was unsolicited and not in response to an inquiry from Plaintiff.

21. Upon information and belief, Defendant has a policy and regular practice of placing calls, or knowingly sanctioning such calls, to consumers using a pre-recorded or automated voice and an ATDS.

22. Upon information and belief, the ATDS used by Defendant has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

23. The ATDS used by Defendant also has the capacity to, and does, call telephone numbers from a list of databases of telephone numbers automatically and without human intervention.

24. The TCPA clearly prohibits making non-emergency calls "using any [ATDS] or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . .." 47 U.S.C. § 227(b)(1)(A). The statute provides for $500.00 in statutory damages for each negligent violation, id. § 227(b)(3)(B). However, if the court finds that the defendant "willfully or knowingly" violated the TCPA, it can award up to $1,500 in statutory damages. *Id.*

25. Defendant's call forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted calls, causing a nuisance and lost time.

26. As a result thereof, Plaintiff has been damaged as set forth in the Prayer for Relief herein.

27. Plaintiff seeks statutory damages and injunctive relief under 47 U.S.C § 227(b)(3).

## STANDING

28. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state: (a) valid injuries in fact; (b) which are traceable to the conduct of Defendant; and (c) are likely to be redressed by a favorable judicial decision. *See, Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

### *"Injury in Fact" Prong*

29. Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as articulated in *Spokeo*. *Spokeo*, 136 S.Ct. at 1547.

30. For an injury to be "concrete" it must be a de facto injury, meaning that it actually exists. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012). In this case, Defendant placed a call to Plaintiff's cellular

1   telephone, using an ATDS and pre-recorded voice. Such calls are a nuisance,

2   an invasion of privacy, and an expense to Plaintiff. All three of these injuries

3   are concrete and de facto.

4   31.   For an injury to be "particularized" means the injury must "affect the

5   Plaintiff in a personal and individual way." *Spokeo, Inc.*, 136 S.Ct. at 1543.

6   In this case, Defendant invaded Plaintiff's privacy and peace by calling his

7   cellular telephone and did this with the use of an ATDS and pre-recorded

8   message.   Furthermore, Plaintiff became preoccupied and annoyed listening

9   to Defendant's voice message. All of these injuries are particularized and

10   specific to Plaintiff and will be the same injuries suffered by each member of

11   the putative Classes.

*"Traceable to the Conduct of Defendant" Prong*

12

13   32.   The second prong required to establish standing at the pleadings phase is

14   Plaintiff must allege facts to show his injuries are traceable to the conduct of

15   Defendant.

16   33.   Defendant placed the July 26, 2019 call, to market its student loan programs

17   and document processing services,"[2] and provided a call back number linked

18   to Defendant in its voice message. Defendant's call is the sole source of

19   Plaintiff's injuries. Therefore, Plaintiff has illustrated facts that show his

20   injuries are traceable to the conduct of Defendant.

*"Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong*

21

22   34.   The third prong to establish standing at the pleadings phase requires Plaintiff

23   to allege facts to show the injuries are likely to be redressed by a favorable

24   judicial opinion.

25   35.   In the present case, Plaintiff's Prayer for Relief includes a request for

26   damages for the call Defendant placed, as authorized by statute in 47 U.S.C.

27   § 227.   The statutory damages were set by Congress and specifically redress

28   _____

[2]   https://www.nationalstudentloans.us/services

1   the financial damages suffered by Plaintiff and the members of the putative

2   Classes.

3   36.   Because all standing requirements of Article III of the U.S. Constitution have

4   been met, Plaintiff has standing to sue Defendant on the stated claims.

**CLASS ACTION ALLEGATIONS**

6   37.   Plaintiff brings this action on behalf of himself and on behalf of all others

7   similarly situated ("the Class").

8   38.   Plaintiff represents, and is a member of, the Class, consisting of:

> All persons within the United States who received any
> call from Defendant or its agent/s and/or employee/s to
> said person's cellular telephone made through the use of
> any automatic telephone dialing system or prerecorded
> voice within the four years prior to the filing of this
> Complaint.

39.   Defendant and its employees or agents are excluded from the Class.  Plaintiff

does not know the number of members in the Class but believes the Class

members number is in the thousands, if not more.  Thus, this matter should

be certified as a Class action to assist in the expeditious litigation of this

matter.

40.   Plaintiff and members of the Class were harmed by the acts of Defendant in

at least the following ways: Defendant illegally contacted Plaintiff and the

Class members via their cellular telephones thereby causing Plaintiff and the

Class members to incur certain cellular telephone charges or reduce cellular

telephone time for which Plaintiff and the Class members previously paid, by

having to retrieve or administer messages left by Defendant or its agents,

during those illegal calls, and invading the privacy of Plaintiff and the Class

members.  Plaintiff and the Class members were damaged thereby.

41.   This suit seeks only damages and injunctive relief for recovery of economic

KAZEROUNI
LAW GROUP, APC

CLASS ACTION COMPLAINT                                                          PAGE 8

1   injury on behalf of the Class and it expressly is not intended to request any

2   recovery for personal injury and claims related thereto.  Plaintiff reserves the

3   right to expand the Class definition to seek recovery on behalf of additional

4   persons as warranted as facts are learned in further investigation and

5   discovery.

6   42.   **Numerosity.** The joinder of the Class members is impractical and the

7   disposition of their claims in the Class action will provide substantial benefits

8   both to the parties and to the Court.  The Class can be identified through

9   Defendant's records and/or Defendant's agent's records.

10  43.   **Existence and Predominance of Common Questions of Law and Fact.**

11  There is a well-defined community of interest in the questions of law and fact

12  involved affecting the parties to be represented.  The questions of law and

13  fact to the Class predominate over questions which may affect individual

14  Class members, including the following:

15      i.   Whether, within the four years prior to the filing of the

16           Complaint, Defendant made any call(s) (other than a call made

17           for emergency purposes or made with the prior express consent

18           of the called party) to the Class members using any ATDS or an

19           artificial or prerecorded voice to any telephone number

20           assigned to a cellular telephone service;

21      ii.  Whether Defendant's conduct was knowing and/or willful;

22      iii. Whether Plaintiff and the Class members were damaged

23           thereby, and the extent of damages for such violation(s); and

24      iv.  Whether Defendant should be enjoined from engaging in such

25           conduct in the future.

26  44.   **Typicality.** As a person who received calls from Defendant in which

27  Defendant used an ATDS and an automated and prerecorded voice, without

28  Plaintiff's prior express consent, Plaintiff is asserting claims that are typical

CLASS ACTION COMPLAINT                                                    PAGE 9

1   of the Class.  Plaintiff will fairly and adequately represent and protect the

2   interests of the Class in that Plaintiff has no interests antagonistic to any

3   member of the Class.

4   45.   Plaintiff and the members of the Class have all suffered irreparable harm as a

5   result of the Defendant's unlawful and wrongful conduct.  Absent a class

6   action, the Class will continue to face the potential for irreparable harm.  In

7   addition, these violations of law will be allowed to proceed without remedy

8   and Defendant will likely continue such illegal conduct.  The size of Class

9   member's individual claims causes, few, if any, Class members to be able to

10   afford to seek legal redress for the wrongs complained of herein.

11   46.   **Adequacy of Representation.** Plaintiff will fairly and adequately represent

12   and protect the interests of the members of the Class in that Plaintiff has no

13   interest antagonistic to any Class member. Further, Plaintiff has retained

14   counsel experienced in handling class action claims and claims involving

15   violations of the Telephone Consumer Protection Act.

16   47.   **Superiority.** A class action is a superior method for the fair and efficient

17   adjudication of this controversy.  Class-wide damages are essential to induce

18   Defendant to comply with federal law.  The interest of Class members in

19   individually controlling the prosecution of separate claims against Defendant

20   is small because the maximum statutory damages in an individual action for

21   violation of privacy are minimal.  Management of these claims is likely to

22   present significantly fewer difficulties than those that would be presented in

23   numerous individual claims.

24   48.   Defendant has acted on grounds generally applicable to the Class, thereby

25   making appropriate final injunctive relief and corresponding declaratory

26   relief with respect to the Class as a whole.

27

28

# FIRST CAUSE OF ACTION:
## NEGLIGENT VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions of Defendant constitute multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

51. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

52. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

# SECOND CAUSE OF ACTION:
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. The foregoing acts and omissions of Defendant constitute multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

55. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and each member of the Class is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

56. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

57. Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and each Class member the following relief against Defendant:

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Class Representative in this matter;
- Appoint Plaintiff's Counsel as Class Counsel in this matter; and
- Any such further relief as may be just and proper.

In addition, Plaintiff and the Class pray for further judgment as follows against each Defendant:

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member

KAZEROUNI
LAW GROUP, APC

1   treble damages, as provided by statute, up to $1,500.00 for each and

2   every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. §

3   227(b)(3)(C).

4   • Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting

5      such conduct in the future.

6   • Any other relief the Court may deem just and proper.

7                                   **TRIAL BY JURY**

8   58.   Pursuant to the Seventh Amendment to the Constitution of the United States

9         of America, Plaintiff is entitled to, and demands, a trial by jury.

11                                          Respectfully submitted,

13   Date: June 1, 2020

14                                          *s/ Abbas Kazerounian*
                                            Abbas Kazerounian, Esq.
15                                          ak@kazlg.com
                                            *Counsel for Plaintiff and the Putative*
16                                          *Class*